1
2
3
4                       **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6                                      * * *
7    UNITED STATES OF AMERICA,              Case No. 2:17-cr-00325-RFB-VCF
8                   Plaintiff,                          **ORDER**
9         v.
10   NICOLE ELIZABETH NOWAK,
11                  Defendant.
12

13
14          Defendant Nicole Elizabeth Nowak moves the Court to vacate, set aside, or correct her
15   sentence (ECF No. 250) on the basis that her conviction for aiding and abetting a carjacking
16   resulting in serious bodily injury does not qualify as a "crime of violence" under
17   18 U.S.C. § 924(c). For the reasons below, her motion is denied.

18   **I.      FACTUAL AND PROCEEEDURAL BACKGROUND**
19          On December 7, 2017, Ms. Nowak pleaded guilty to (Count 1) aiding and abetting
20   carjacking, (Count 2) aiding and abetting carjacking resulting in serious bodily injury, and (Count
21   3) aiding and abetting the brandishing of a firearm during and in relation to a crime of violence.
22   ECF No. 92, 94. On March 9, 2020, the Court sentenced Ms. Nowak to time served on Counts 1
23   and 2, but imposed 84 months of imprisonment for Count 3. ECF No. 125. The Court also
24   sentenced Ms. Nowak to supervised release for three years on Count 1 and five years on Counts 2
25   and 3. Id.
26          Following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019)
27   (holding the § 924(c) residual clause is unconstitutionally vague), on June 23, 2023, Ms. Nowak
28   timely filed a 28 U.S.C. § 2255 Supplemental Motion to Vacate, Set Aside, or Correct Sentence

1    relying on <u>Davis</u>. ECF No. 250. The Motion was fully briefed. ECF Nos. 261, 265. On January

2    24, 2022, the United States filed a Motion for Leave to Advise the Court of new authority, <u>Young</u>

3    <u>v. United States</u>, 22 F.4th 1115, 1123 (9th Cir. 2022). ECF No. 309. On February 7, 2022, Ms.

4    Nowak filed a response arguing that <u>Young</u> was distinguishable. ECF No. 310.

5    

6    **II.     LEGAL STANDARD**

7            Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed

8    sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be

9    brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution

10   or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the

11   sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject

12   to collateral attack." <u>Id.</u>; <u>see</u> <u>United States v. Berry</u>, 624 F.3d 1031, 1038 (9th Cir. 2010). When a

13   petitioner seeks relief pursuant to a right newly recognized by a decision of the United States

14   Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year

15   limitation begins to run from "the date on which the right asserted was initially recognized by the

16   Supreme Court." <u>Id.</u>

17   **III.    DISCUSSION**

18           The Court finds that there are no grounds to grant § 2255 relief.

19           Section 924(c), under which Ms. Nowak was convicted, prohibits the use of a firearm

20   "during and in relations to any crime of violence." 18 U.S.C. § 924(c)(1)(A). Following the

21   Supreme Court's ruling in <u>Davis</u>, a felony qualifies as a crime of violence only if it "has as an

22   element the use, attempted use, or threatened use of physical force against the person or property

23   of another." 18 U.S.C. § 924(c)(3)(A); <u>see also</u> <u>Davis</u>, 139 S. Ct. 2319 (invalidating

24   18 U.S.C. § 924(c)(3)(B)). The Ninth Circuit has already held that federal carjacking *categorically*

25   is a crime of violence under § 924(c)(1)(A). <u>United States v. Gutierrez</u>, 876 F.3d 1254, 1257 (9th

26   Cir. 2017) (per curiam); <u>see also</u> <u>United States v. Eckford</u>, 77 F.4th 1228 (9th Cir. 2023) (applying

27   the reasoning in <u>Gutierrez</u> post-<u>Davis</u> to hold Hobbs Act robbery is a crime of violence under

28   § 924(c)(1)(A)); <u>United States v. Buck</u>, 23 F.4th 919 (9th Cir. 2022) (similar); <u>United States v.</u>

1    Burke, 943 F.3d 1236 (9th Cir. 2019) (similar).

2        Ms. Nowak argues that even if federal carjacking is a crime of violence, aiding and abetting

3    does not qualify as a crime of violence. The federal aiding and abetting statute provides that

4    "[w]hoever commits an offense against the United States or aids, abets, counsels, commands,

5    induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). Ms. Nowak

6    argues that criminal liability under 18 U.S.C. § 2(a) does not require the use or threat of use of

7    force that the Gutierez court relied upon to find federal carjacking a crime of violence. The Ninth

8    Circuit has rejected this argument. "One who aids and abets the commission of a violent offense

9    has been convicted of the same elements as one who was convicted as a principal." Eckford, 77

10   F.4th at 1237; Young, 22 F.4th at 1123 (same).

11       Since aiding and abetting liability imports the elements of the underlying crime and the

12   federal carjacking statute categorically is a crime of violence, Ms. Nowak's conviction under

13   § 924(c) is sound.

14   **IV.    CERTIFICATE OF APPEALABILITY**

15       This is a final order adverse to the Petitioner Ms. Nowak. As such, Rule 11(a) of the Rules

16   Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability

17   (COA). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Ms. Nowak "may not appeal that

18   denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the

19   Court must find that Ms. Nowak "has made a substantial showing of the denial of a constitutional

20   right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable

21   jurists would find [this Court's] assessment of the constitutional claims debatable or wrong." Slack

22   v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court found that settled, binding caselaw

23   disposes of Ms. Nowak's claims, the Court finds that no reasonable jurist could find the Court's

24   assessment debatable or wrong.

25

26   **V.    CONCLUSION**

27       **IT IS THEREFORE ORDERED** that Defendant Nicole Elizabeth Nowak's

28   Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No.

250) is **DENIED**.

      **IT IS FURTHER ORDERED** that Defendant Nicole Elizabeth Nowak is **DENIED** a Certificate of Appealability.

      **IT IS FURTHER ORDERED** that the United States' Motion for Leave to Advise the Court (ECF No. 309) is **GRANTED**.

**DATED** this 4th day of December 2023.

 

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -